IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WILLIAM W. JOHNSON,

    Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

    Defendant.

---

**NOTICE OF REMOVAL**

---

    Defendant USAA General Indemnity Corporation (USAA GIC), pursuant to 28 U.S.C. § 1446, hereby removes the above-referenced action from the District Court, City and County of Denver, Colorado, based on the following:

    1.    The above action was filed in the District Court, Larimer County, Colorado, and is now pending before that Court.  A copy of the Complaint is attached as Ex. A.  A copy of the District Court Civil (CV) case cover sheet is attached as Ex. B.  A copy of the Affidavit of Service on USAA GIC is attached as Ex. C.  A copy of the Notice of Judicial Civil Case Management is attached as Ex. D.  A copy of the Delay Prevention Order is attached as Ex. E.  A copy of the Status Report Regarding re Delay Prevention is attached as Ex. F.

    2.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a civil action between parties of diverse citizenship, involving an amount alleged to be in controversy exceeding $75,000.00, exclusive of interest and costs.

    3.    Plaintiff is a citizen and resident of the State of Colorado at all times relevant

hereto.  *See* Ex. A, ¶ 1.  USAA GIC is a citizen of the state of Texas, as it is a Texas Corporation with its principal place of business in Texas.  S*ee* USAA GIC's listing with the Colorado Secretary of State Business search website.[1]  There is thus diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c)(1).

4.      This action involves an amount alleged to be in controversy exceeding $75,000, exclusive of interest and costs.  The civil cover sheet filed in the State Court action establishes that the amount in controversy exceeds $75,000.  *See* Ex. B, ¶ 1: "Simplified Procedures under C.R.C.P. 16.1 **DO NOT APPLY** to this case because the Plaintiff is seeking a monetary judgment in excess of $100,000 against another party, including any attorneys fees, penalties or punitive damages, but excluding interest and costs"; *Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 F.2d 1264, 1272-73 (10th Cir. 2016) (Colorado State Court Civil Cover Sheet indicating amount sought is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C. § 1446).

5.      Plaintiff's allegations in the Complaint also support an amount in controversy exceeding $75,000.  This action arises from a motor vehicle accident that occurred on November 2, 2016 ("the Accident").  Plaintiff has asserted claims for underinsured motorist ("UIM") benefits under the terms and conditions of an insurance policy issued by USAA GIC to Plaintiff that carries UIM benefits of $300,000.00 per person.  As a result of the Accident, Plaintiff claims he suffered serious injury to his neck, both shoulders, right biceps tendon, right clavicle [sic] has

---

[1]   *See* results from a search for USAA General Indemnity Company, at http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&entityId2=19891113759&srchTyp=ENTITY&fileId=19891113759&masterFileId=19891113759.  This Court may take judicial notice of this information pursuant to Fed.R.Evid. 201(b)(2).

incurred reasonable and necessary medical expenses… in excess of $70,000." Plaintiff further claims he sustained "substantial permanent personal injuries resulting in both past and future economic and non-economic damages …". Plaintiff further alleges he is entitled to recover two times the covered insurance benefits ($300,000 x $600,000) and attorneys' fees pursuant to Colo. Rev. Stat. § 10-3-1116. *See* Ex. A, ¶¶ 7, 8 and 17. Given the nature of plaintiff's alleged damages, including its claim for delay in payment of policy benefits, and double that amount and attorneys' fees, the asserted amount in controversy in this action exceeds $75,000.

6. Accordingly, USAA GIC has demonstrated by a preponderance of the evidence that it is entitled to remove this action pursuant to 28 U.S. C. § 1446(a). *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Respectfully submitted,

*s/ Katherine K. Kust*
Jon F. Sands
Katherine K .Kust
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone:  (303) 296-3377
Fax:  (303) 296-7343
jsands@sweetbaumsands.com
kkust@sweetbaumsands.com

ATTORNEYS FOR DEFENDANT USAA GIC

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ragarcin@aol.com

*s/ Megan MacLennan*